UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NUMBER: 10-11784 BKT |
| **JOSE ANTONIO RIVERA GONZALEZ** <br> **LIZZETTE JANEL AVILES VEGA** | CHAPTER 13 |
| DEBTOR(S) | 11 U.S.C 362 d(1) d(2) |
| FIRSTBANK PUERTO RICO | RELIEF FROM STAY FOR CAUSE |
| VS | |
| **JOSE ANTONIO RIVERA GONZALEZ** <br> **LIZZETTE JANEL AVILES VEGA** | |
| JOSE RAMON CARRION MORALES <br> CHAPTER 13 TRUSTEE | |
| RESPONDENT (S) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

NOW COMES First Bank Puerto Rico, through the undersigned attorney, and very respectfully alleges and prays:

1. Jurisdiction is granted by 28 U.S.C. §1334 and by 28 U.S.C. §157, and this is an action pursuant to 11 U.S.C. §362 (d) (1).

2. On December 16, 2010, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

3. First Bank is the holder in due course of a Mortgage Note in the principal sum of $330,000.00 bearing interest at 8.75% per annum and due date on December 19, 2036.

4. On March 16, 2011, First Bank filed a secured claim, with a proof of lien, in the amount of $183,093.11 for loan number 4201635-1, with prepetition arrears of $5,426.14 encumbering debtor's residence.

5. Since the filing date, debtors account has accumulated post petition arrears of $22,747.24, including late charges and legal fees, as stated in the attached verified statement entitling this Court to grant First Bank relief from the automatic stay, pursuant to 11 U.S.C. 362 (d)(1).

6. Respondent is the duly appointed Chapter 13 trustee.

7. As shown from the attached certification, Debtors are not eligible for the protections of the Servicemen's Civil Relief Act of 2003.

WHEREFORE, it is respectfully requested to this Honorable Court to grant First Bank Relief from the Automatic Stay.

I HEREBY CERTIFY: that a true and exact copy of the foregoing motion has been filed electronically with the Clerk of the Court using CM/ECF systems which will send notification of such to Chapter 13 Trustee, and we sent copy of this document of this document through regular mail to Debtor(s) and all non CM/ECF participants interested parties to their address listed on the master address list.

IN SAN JUAN, PUERTO RICO, this 22th day of SEPTEMBER of 2011.

RESPECTFULLY SUBMITTED.

/s/ JUAN A. ALBINO GONZALEZ
Attorney for First Bank Puerto Rico
U.S.D.C. – P.R. #225405
P.O. Box 25044
San Juan, P.R. 00918-5044
anibal031@gmail.com

# PAGARE

## PRESTAMO A TERMINO

NUM. DE IDENT. CLIENTE      PAGARE NUM.

~~$330,000.00~~      ~~19 DE DICIEMBRE DE 2006~~

    POR VALOR RECIBIDO, nos obligamos mancomunada y solidariamente a pagar a la orden del FIRST BANK PUERTO RICO (en adelante denominado el "Banco") en su oficina principal o en el lugar que el Banco designe, la suma de **TRESCIENTOS TREINTA MIL DOLARES ($330,000.00)** (en adelante denominada la "Suma Principal"), con intereses, computados sobre una base de interés simple de 360 días, y el número de días transcurridos, a la tasa, en las fechas, y en la manera que más adelante se dispone:

**FECHA Y FORMA DE PAGO**

<u>Préstamo Permanente</u>

    Al momento del vencimiento de la Línea de Crédito el balance de los fondos utilizados por la Parte Prestataria hasta el máximo de crédito concedido será convertido a un préstamo permanente.

    El vencimiento del presente préstamo será de cinco (5) años con una amortización de veinticinco (25) años, contados a partir de la fecha de la formalización del presente contrato. El plan de pago mensual consistirá de cincuenta y nueve (59) plazos mensuales iguales y consecutivos de $2,713.07 para principal e intereses acumulados, comenzando el primer día del mes siguiente al período de conversión, y así sucesivamente todos los días primero de cada mes y un último pago por el balance pendiente de pago más los intereses acumulados.

    El tipo de interés a cobrarse será el 8.75% anual fijo.

    La Parte Prestataria pagará al Banco un cargo por mora del cinco por ciento (5%) de cada pago o mensualidad recibida después de diez (10) días del vencimiento del mismo.

<u>Aumento en Tasa de Interés Aplicable</u>

    Si en cualquier momento durante la vigencia de la facilidad la situación financiera del Deudor, según la misma se refleje en sus más recientes estados financieros refleje pérdidas en sus operaciones o el Deudor incurriera en cualquier incumplimiento con los términos aquí pactados, o el Deudor incumpliera con su obligación de suministrar los estados financieros dentro del período de tiempo requerido bajo el Contrato, el Banco podrá, a su opción, aumentar la Tasa de Interés Aplicable en 2% sobre la tasa de interés acordada. Disponiéndose, que de subsanarse dicho incumplimiento la tasa de interés de la facilidad revertirá a partir de la fecha de subsanación del incumplimiento a la tasa originalmente acordada.

<u>Cláusulas y Condiciones</u>

    Los pagos que se realicen a la facilidad antes mencionada se aplicará primero a los intereses adeudados y pagaderos y luego el balance de dichos pagos se aplicará al principal de las mismas.

    La parte prestataria acuerda y conviene en pagar intereses tomando como base un año de 365 días sobre el balance decreciente de la suma principal de la facilidad de crédito hasta su total pago durante los plazos de la misma y durante cualquier período

PAGARE BANCARIO
PAGINA 2

de incumplimiento, mora, falta de pago, y aún después de su vencimiento.

**Pagos Adelantados**

La PARTE PRESTATARIA podrá efectuar en cualquier momento pagos adelantados por el total o parte del balance insoluto de esta facilidad de crédito, y los mismos se aplicarán en el orden inverso de vencimiento. Cualquier pago de esta naturaleza se aplicará primero al pago de los intereses adeudados y luego al principal. Lo anterior se permitirá siempre y cuando los fondos no provengan directa o indirectamente de otras instituciones financieras. De ser así, se cobrará una penalidad de 3% sobre el principal adeudado por los primeros tres (3) años. Las disposiciones de esta cláusula quedarán sin efecto en el caso de que la facilidad de crédito resulten compulsoriamente acelerada y/o por cualquier incumplimiento de la PARTE PRESTATARIA.

**TERMINOS Y CONDICIONES ADICIONALES**

Convenimos, afirmamos, aseguramos y representamos además, como sigue:

Cuando cualquier pago de principal y/o intereses venza en una fecha que no sea un día bancario, tal pago habrá de efectuarse el primer día bancario siguiente, y tal extensión de tiempo se incluirá en el cómputo de los intereses sobre el balance insoluto de la Suma Principal.

Todas las cantidades insolutas de principal e intereses vencerán inmediatamente, a opción del Banco, y se considerarán líquidas y exigibles, sin notificación, requerimiento o aviso, de ocurrir cualquiera de los siguientes eventos de incumplimiento: (a) la falta de cualquier pago o plazo de principal y/o intereses a su vencimiento, (b) el incumplimiento de cualquier otra obligación de cualquiera de los suscribientes o de cualquier garantizador, (c) la muerte, insolvencia o disolución de cualquiera de los suscribientes o de cualquier garantizador, (d) una cesión general para el beneficio de acreedores por cualquiera de los suscribientes o por cualquier garantizador, (e) el comienzo de cualquier procedimiento por o en contra de cualquiera de los suscribientes o de cualquier garantizador bajo cualquier ley de quiebra o de insolvencia, (f) una sentencia dictada contra cualquiera de los suscribientes o cualquier garantizador, o una orden de embargo o la radicación o imposición de un gravamen contra cualquiera de los bienes o derechos de cualquiera de los suscribientes o de cualquier garantizador, o (g) el cese o la suspensión del negocio o actividad económica regular o acostumbrada de cualquiera de los suscribientes o de cualquier garantizador.

El Banco podrá, a su opción, ejercer el derecho de compensación, en cualquier momento, y de tiempo en tiempo, antes, en, o después de, la fecha de vencimiento de este pagaré, con respecto a cualquier obligación del Banco para con cualquiera de los suscribientes por concepto de depósito o cualquier otro tipo de obligación.

En el caso de que se radicara una acción legal para el cobro de este pagaré, nos obligamos a pagar, mancomunada y solidariamente, todas las costas, gastos y desembolsos relacionados con tal procedimiento, más honorarios de abogados en una suma igual al diez por ciento (10%) de la Suma Principal original.

Renunciamos a todo derecho de aviso, presentación y reclamación por falta de pago, y consentimos a cualquier prórroga de tiempo, renovación, relevo de cualquiera de los suscribientes o de cualquier garantizador, renuncia de derechos, o modificaciones, que puedan ser concedidos por el Banco, todo sin necesidad de aviso a, o consentimiento adicional de, los suscribientes, quienes quedarán obligados mancomunada y solidariamente no obstante tal prórroga, renovación, relevo, renuncia de derechos, o modificación.

PAGARE BANCARIO
PAGINA 3

En apoyo de cualquier requisito de debido cuidado (due diligence) bajo reglamentos del Departamento de Hacienda de Puerto Rico que podrían ser aplicables a nosotros o a nuestro uso de la Suma Principal, utilizaremos la Suma Principal solamente en "actividades elegibles" según definido en tales reglamentos y según representado por nosotros al Banco.

_____
JOSE ANTONIO RIVERA GONZALEZ

_____
LIZZETTE JANEL AVILES VEGA

_____
ERIC RAFAEL MALDONADO RODRIGUEZ

_____
SANDRA IDANIS RIOS RODRIGUEZ

Affidávit Núm. 2361

RECONOCIDO Y SUSCRITO ante mí por DON JOSE ANTONIO RIVERA GONZALEZ, seguro social número 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, su esposa LIZZETTE JANEL AVILES VEGA, seguro social número 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, ambos mayores de edad, casados entre sí, propietarios y vecinos de Vega Alta, Puerto Rico, DON ERIC RAFAEL MALDONADO RODRIGUEZ, seguro social número 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, su esposa DOÑA SANDRA IDANIS RIOS RODRIGUEZ, seguro social número 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, ambos mayores de edad, casados entre sí, propietarios y vecinos de Bayamón, Puerto Rico, a quienes doy fe de conocer personalmente, en San Juan, Puerto Rico, hoy 19 de diciembre de 2006.



NOTARIO PÚBLICO

-------------------------------PAGARE HIPOTECARIO-------------------------------

---VALOR $330,000.00-----------------------------------------------------------

---FECHA DE VENCIMIENTO:  A LA PRESENTACION -----------------------------------

---POR VALOR RECIBIDO, a su presentación (on demand) los infrascritos se obligan a pagar a FIRST BANK PUERTO RICO, O A SU ORDEN la suma principal de TRESCIENTOS TREINTA MIL DÓLARES ($330,000.00) en moneda del curso corriente de los Estados Unidos de América, con intereses a razón de ocho punto setenta y cinco por ciento (8.75%) anual fijo y vencimiento a la presentación. Los intereses de esta obligación se pagarán por mensualidades vencidas, debiendo efectuarse el pago de intereses y de principal en la oficina o domicilio del tenedor dentro del Estado Libre Asociado de Puerto Rico, o en cualquier otro sitio que el tenedor de tiempo en tiempo designare por escrito. Si esta obligación fuese firmada por dos o más personas, se entenderá que dichos firmantes se han obligado mancomunada y solidariamente para con el tenedor.-------------------------------------------

---Por la presente se renuncia a los derechos de presentación, demanda y aviso.------

---Esta obligación está garantizada por hipoteca constituida según escritura número noventa y tres (93) otorgada el día diecinueve (19) de diciembre del año dos mil seis (2006) ante el Notario Antonio A. Hernández Almodóvar, en San Juan, Puerto Rico.---

---En San Juan, Puerto Rico, el día diecinueve (19) de diciembre del año dos mil seis (2006). ----------------------------------------------------------------------

_____
JOSE ANTONIO RIVERA GONZALEZ

_____
LIZZETTE JANEL AVILES VEGA

_____
ERIC RAFAEL MALDONADO RODRIGUEZ

_____
SANDRA IDANIS RIOS RODRIGUEZ

---AFIDAVIT NUMERO: 2378 _____ ---------------------------------------------

---RECONOCIDO Y SUSCRITO ANTE MI en San Juan, Puerto Rico, el diecinueve (19) de diciembre del año dos mil seis (2006) por las siguientes personas, de las circunstancias personales que se mencionan a continuación y a quienes doy fe de conocer personalmente: DON JOSE ANTONIO RIVERA GONZALEZ, seguro social número 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, su esposa LIZZETTE JANEL AVILES VEGA, seguro social número 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, ambos mayores de edad, casados entre sí, propietarios y vecinos de Vega Alta, Puerto Rico, DON ERIC RAFAEL MALDONADO RODRIGUEZ, seguro social número 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, su esposa DOÑA SANDRA IDANIS RIOS RODRIGUEZ, seguro social número 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, ambos mayores de edad, casados entre sí, propietarios y vecinos de Bayamón, Puerto Rico.-----------------------------

_____
NOTARIO PUBLICO

 

**PHOENIX PARALEGAL SERVICES, CORP.**

Apartado 1818 Cayey, PR 00737-1818
Tel. (787) 748.7639 Fax: (787) 748.6238
www.phoenix-paralegal.com

CONTROL: #10-2232

| Solicitante: Rebecca Guzmán & Associates | Caso: José Antonio Rivera González |
|---|---|
| P/C Lcda. Rebecca Guzmán | |
| Registro: Bayamón III | Municipio: Vega Alta |
| Fincas: 1,180 y 7,940 | Folio: 7 y 246  Tomo: 28 y 154 |

## FINCA #7,940 INSCRITA AL FOLIO 246 DEL TOMO 154 DE VEGA ALTA

**URBANA:** Solar radicado en la Calle Giboyeaux del Municipio de Vega Alta, con una cabida de 239.92 metros cuadrados; y en lindes por el Norte, en 10.67 metros, con la Calle Giboyeaux; por el Sur, en 10.67 metros, con un solar ocupado por el señor Peñalbert; por el Este, en 20.73 metros, con otro solar ocupado por el señor Martínez; y por el Oeste, en 24.25 metros, con otro solar ocupado por el señor José Arroyo.

**Edificación:** Edificación de una planta construida de hormigón armado y bloques, para uso comercial, con un área de 1,140.00 pies cuadrados, con baño y un anexo en acero estructural de 1,212.00 pies cuadrados. Tiene un valor de $10,000.00. Así resulta de la escritura #57, otorgada en San Juan el día 29 de febrero de 1984, ante el Notario Jorge L. Pacheco Martínez. Inscrita al folio 246 del tomo 154 de Vega Alta; finca #7,940, inscripción 2da.

Se segrega de la finca #287 inscrita al folio 18 del tomo 6 de Vega Alta.

Inscrita a favor de Juan Laureano Pascual Hernández y Edith Ortiz Mercado, mayores de edad, casados entre sí y vecinos de Vega Alta.
**ADQUISICIÓN:**
Adquirida por Compra a Juan Colón Cruz y Antonia Ortiz Ortiz, por el precio de $413,266.00; a virtud de la escritura #4, otorgada en San Juan el día 27 de marzo de 1998, ante el Notario José Miguel Rocafort Bustelo. Inscrita al folio 251 del tomo 154 de Vega Alta; finca #7,940, inscripción 7ma.

Por su Procedencia se halla Libre de Cargas.

La propiedad se halla afecta Por Sí a:

1. **HIPOTECA:** Escritura #91, otorgada en San Juan el día 27 de marzo de 1998, ante el Notario Rafael Maldonado Nicolai. Inscrita al folio 251 del tomo 154 de Vega Alta; finca #7,940, inscripción 7ma. Constituida por Juan Laureano Pascual Hernández y Edith Ortiz Mercado a favor de Banco Popular de Puerto Rico, o a su orden. Principal: $220,000.00 (respondiendo esta finca por la suma de $148,000.00). Intereses: a razón de la tasa básica de interés preferencial "New York Prime Rate" fluctuante y prevaleciente de tiempo en tiempo en los principales bancos comerciales de Estados Unidos para préstamos comerciales a corto plazo, según esta sea publicada en periódicos de circulación general tales como The Wall Street Journal a base de un año de (360-365). Vencimiento: a la presentación. Tasación: $148,000.00.

2. **HIPOTECA:** Escritura #4, otorgada en San Juan el día 27 de marzo de 1998, ante la Notario Carmen Cardona Rodríguez. Inscrita al folio 251 del tomo 154 de Vega Alta; finca #7,940, inscripción 7ma. Constituida por Juan Laureano Pascual Hernández y Edith Ortiz Mercado a favor de Advencer Local Development Corporation, o a su orden. Principal: $98,000.00. Intereses: que se determinen al momento de la venta del Debenture. Vencimiento: a la presentación. Tasación: $98,000.00.

3. **HIPOTECA:** Escritura #163, otorgada en San Juan el día 1ro de julio de 1999, ante el Notario Rafael Maldonado Nicolai. Inscrita al folio móvil del tomo 20 de Vega Alta; finca #7,940, inscripción 9ne y última. Constituida por Juan Laureano Pascual Hernández y Edith Ortiz Mercado a favor de Banco Popular de Puerto Rico, o a su orden. Principal: $22,000.00 (respondiendo esta finca por la suma de $15,000.00). Intereses: a razón de la tasa básica de interés preferencial "New York Prime Rate" fluctuante y prevaleciente de tiempo en tiempo en los principales bancos comerciales de Estados Unidos para préstamos comerciales a corto plazo, según esta sea publicada en periódicos de circulación general tales como The Wall Street Journal a base de un año de (360-365). Vencimiento: a la presentación. Tasación: $15,000.00.

--2--



**PHOENIX**
PARALEGAL SERVICES, CORP.

Apartado 1616 Cayey, PR 00737-1616
Tel. (787) 746.7036 Fax: (787) 746.6236
www.phoenix-paralegal.com

CONTROL: #10-0282

| Solicitante: Rebecca Guzmán & Asociados | Caso: José Antonio Rivera González |
|---|---|
| P/C Lcda. Rebecca Guzmán | |
| Registro: Bayamón III | Municipio: Vega Alta |
| | Folio: 7 y 246   Tomo: 28 y 154 |
| Fincas: 1,180 y 7,940 | |

1. Presentada al asiento 34 del diario 423, el día 28 de marzo de 2003 la escritura #42 otorgada en Bayamón el día 29 de enero de 2003 ante el Notario Omar Adolfo Jiménez Pacheco sobre Venta Judicial a favor del Banco Popular de Puerto Rico, por la suma de $72,000.00 (Finca #1,180) y $148,000.00 (Finca #7,940). Se solicita la Cancelación de la Hipoteca por las sumas de $220,000.00, constituida en la inscripción 9na de la finca #1,180, e inscripción 7ma de la finca #7,940. Se acompaña copia del pagaré cancelado.

Nota: No se acompañan los documentos judiciales correspondientes a una Venta Judicial.

2. Presentada al asiento 176 del diario 476, el día 1ro de febrero de 2006 la Orden expedida el día 18 de noviembre de 2005 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, caso civil #DCD2000-2269(406) sobre Cobro de Dinero y Ejecución de Hipoteca Mueble e Inmueble, seguido por el Banco Popular de Puerto Rico vs. Juan Laureano Pascual Hernández, t/c/c, Juan Pascual Hernández y su esposa Edith Ortiz Mercado y la Sociedad Legal de Gananciales compuesta por ambos, mediante la cual se solicita la Cancelación de Gravámenes Posteriores referente a las Hipotecas constituidas en la inscripción 7ma y 9na de la finca #7,940 por las sumas de $98,000.00 y por $22,000.00, respectivamente (respondiendo la finca #7,940 por la suma de $15,000.00 y respondiendo la finca #1,180 por la suma de $7,000.00). Se acompaña Mandamiento de Cancelación de Gravámenes Posteriores del 12 de diciembre de 2005, debidamente certificada.

Nota: La Orden del 18 de noviembre de 2005, es copia no certificada.

3. Presentada al asiento 1236 del diario 479, el día 27 de junio de 2006 la Orden expedida el día 9 de junio de 2006 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, caso civil #DCD2000-2269(406) sobre Cobro de Dinero y Ejecución de Hipoteca Mueble e Inmueble, seguido por el Banco Popular de Puerto Rico vs. Juan Laureano Pascual Hernández, t/c/c, Juan Pascual Hernández y su esposa Edith Ortiz Mercado y la Sociedad Legal de Gananciales compuesta por ambos, mediante la cual se solicita la Cancelación de Gravámenes Posteriores referente a la Hipoteca constituida en la inscripción 9na de la finca $1,180, por la suma de $83,000.00. Se acompaña Mandamiento de Cancelación de Gravámenes Posteriores del 15 de junio de 2006, ambos documentos judiciales debidamente certificados.

4. Presentada al asiento 394 del diario 484, el día 25 de enero de 2007 la escritura #92 otorgada en San Juan el día 19 de diciembre de 2006 ante el Notario Antonio A. Hernández Almodovar sobre Agrupación mediante la cual comparecen José Antonio Rivera González y su esposa Lizzette Janel Avilés Vega; Eric Rafael Maldonado Rodríguez y su esposa Sandra Idanis Ríos Rodríguez, como dueños de las fincas #1,180 y #7,940 de Vega Alta, y acuerdan en agrupar dichas fincas por colindar entre sí, con un valor de $185,000.00, el cual se describe a continuación:

URBANA: Solar radicado en el Municipio de Vega Alta, Puerto Rico, compuesto de 415.86 metros cuadrados. En lindes por el Norte, con la Calle Luis Muñoz Rivera; por el Sur, con un solar ocupado por el señor José Arroyo; por el Este, con José Peñalbert; y por el Oeste, con la Calle Gibojeaux.

5. HIPOTECA (sobre la Agrupada): Presentada al asiento 395 del diario 484, el día 25 de enero de 2007 la escritura #93 otorgada en San Juan el día 19 de diciembre de 2006 ante el Notario Antonio A. Hernández Almodovar.
Constituida por José Antonio Rivera González y su esposa Lizzette Janel Avilés Vega; Eric Rafael Maldonado Rodríguez y su esposa Sandra Idanis Ríos Rodríguez a favor de Firstbank Puerto Rico, o a su orden. Principal: $330,000.00. Intereses: 8.75% anual. Vencimiento: a la presentación. Tasación: $330,000.00.

-3-



## REQUEST FOR DISMISSAL

**ATTORNEY**     Juan A. Albino

| | | | | | |
|---|---|---|---|---|---|
| **Loan Number** | 4201635-1 | | | | |
| **Debtor** | José Antonio Rivera González | | | | |
| **Co-Debtor** | Lizzette Janel Aviles Vega | | | | |
| **BKR #** | 10-11784 | **CHPT** 13 | **DATE FILED** | 12/16/2010 | |
| **Payments due** | 47 | **Pre-pet** 39 | **Post-pet** | 8 | |
| **Due Date** | | **Principal Balance** | | | |

**Pre- Petition arrears:**

    39    **Months at**    $ 2,713.07                     $ 105,809.73

**Post- Petition arrears:**

    8    **Months at**    2,713.07                     $ 21,704.56

| | |
|---|---|
| Late Charges at | $ 617.68 |
| Legal Cost | $ 400.00 |
| Foreclosure Fees | $ - |
| Inspections | $ 25.00 |
| Bad Chek Fee | $ - |
| Other Charges | $ - |
| **TOTAL** | **$ 128,556.97** |

All reinstallment payments must be made up to the current month, including legal fees & late charges

### Verified Declaration

I, the undersigned, declare under penalty of perjury that the amounts claimed by Movant in the foregoing Requesf for Dismissal, represents accurately the information kept in accounting books and records kept by Movant in the ordinary course of business. I further declare under penalty that I have read the foregoing Motion from the Automatic Stay and that the facts alleged are true and correct to the best of my knowledge.

**Name**     _[signature]_
                 BANKRUPTCY OFFICER

This Request for Dismissal was prepared     This    18   dayof   August   of   2011



## UNSWORN STATEMENT
## UNDER PENALTY OF PERJURY

The undersigned hereby certifies the following under penalty of perjury:

Debtor (s) JOSE RIVERA-GONZALEZ

- Loan Number: 4201635-1
-
- Principal balance: $ 175,687.75

- Monthly late charges: $ 30.00

- Pre-petition arrears and other charges: $105,809.73

- Post-petition arrears: $21,704.56

- Other charges: $400.00 .

- Last post-petition installment was received on 012/02/09 applied to 12/02/09

- _____ No post-petition payments have been made.

- Present value interest compounded at 4.25 %, per annum.

This 19 day of August of 2011.

Name: Aida Matías
Title: Bankruptcy Officer

IN RE:

Q# 10-11784

Debtor(s)   Jose A. Rivera González          CHAPTER: 13

---

## *VERIFIED STATEMENT*

I, _____*Aida Matias*_____ of legal age _____married_____ resident of

_____*San Juan*_____ , Puerto Rico, state under penalty of perjury as follows;

That as to this date ___August 19, 2011___ by search and review of the records

kept by _____*FirstBank*_____ in the regular course of business in regard to debtor

account with this bank there is no information that will lead the undersign to belief that

debtor is a service member either on active duty or under a call to active duty, in the

National Guard or as a commission officer of the Public Health Services or the National

Oceanic and Atmospheric Administration (NOAA) in active duty.

The bank has not received any written notice from debtor that his military status
has change.

That as part of my search I examined the following documents or records available to me.

In testimony, wherefore I sign this document under penalty of perjuring in San Juan, Puerto Rico on _____August *18*_____ 2011.

_____
*Bankruptcy Clerk*

Request for Military Status

Department of Defense Manpower Data Center

Aug-26-2011 08:25:31



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| RIVERA | JOSE ANTONIO | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

---

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:AEP4A6QHVQ

Department of Defense Manpower Data Center

Aug-26-2011 08:26:19



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| AVILES | LIZZETTE | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:G3JJD0SN3P